UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RENARD J. TURNER, | ) | CASE NO. 1:05 CV 1327 |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| GRANDE POINTE NURSING HOME, | ) | |
| | ) | |
| Defendant. | ) | |

On May 16, 2005, pro se plaintiff Renard J. Turner filed this in forma pauperis action against his employer, Grande Pointe Nursing Home.[1] Mr. Turner alleges that his employer discriminated against him based on his gender in violation of the Civil Rights Act of 1964, 42 U.S.C. §1983, Title VII, 42 U.S.C. § 2000-e and the Equal Pay Act. He seeks money damages.

*Background*

Mr. Turner was hired as an Activities Assistant at Grande Pointe in March 2001. Within days after his hiring, Rebecca Sakkatch Jackson was hired for substantially the same position. At the time Mr. Turner was hired he had two years prior experience working in Senior Citizen Activities and one year of experience with elder and disabled care. By comparison, Ms. Sakkatch

---

[1] He was granted leave to proceed in forma pauperis on June 16, 2005.

Jackson's previous experience was working in a dentist's office. Mr. Turner claims that in spite of the fact that he had more extensive prior experience, Ms. Sakkatch Jackson was hired to start at $10.00 per hour while he was hired at $8.50 per hour.

Nine months after Mr. Turner was hired, a promotion opportunity arose when a female co-worker was promoted to another position. He claims that Ms. Sakkatch Johnon was approached directly by the Department Head and offered the position, which she declined. When he inquired about applying, he was advised that no pay increase would accompany the promotion. Mr. Turner asserts, however, that he later learned that the woman who was eventually hired for the position was earning a higher salary than he.

There are several instances outlined in the complaint that reflect the defendant's alleged bias against Mr. Turner based on his gender. In several instances, female employees allegedly called in sick or took vacation without leaving any program plans for the residents during their absence. Mr. Turner alleges that none of these females was disciplined for failing to leave program projects during their absence, but he claims he was disciplined for the same infraction. Similar inequities were reflected by Grande Pointe's flexibility regarding female employees' use of vacation time and sick leave. Again, Mr. Turner delineates several dates and examples wherein Grande Pointe allegedly violated the terms of its own employee handbook in order to provide preferential treatment to female employees.

*Standard of Review*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss any claim under 28 U.S.C. §1915(e) if it fails to state a basis upon which relief can be

granted, or if it lacks an arguable basis in law or fact.[2] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

*42 U.S.C. § 1983*

Other than a conclusory statement that Grande Pointe violated his civil rights under § 1983, Mr. Turner has not stated a basis for this court's jurisdiction over that claim. A complaint must contain either direct or inference allegations regarding all the material elements to sustain a recovery under some viable legal theory. See Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988).

To prevail in a civil rights action under 42 U.S.C. §1983, a plaintiff must plead and prove that the defendant, acting under color of state law, deprived the plaintiff of a right secured by the Constitution and law of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Without both elements, a section 1983 claim will not lie. Christy v. Randlett, 932 F.2d 502, 504 (6th Cir.1991) (citations omitted).

Here, the element of acting under color of state law is clearly missing. First, Mr. Turner does not allege that Grande Pointe committed any constitutional violations for which it should be liable under 42 U.S.C. § 1983. Moreover, in order for a private entity to be held liable under section 1983,

---

[2] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

"its actions [must] so approximate state action that they may be fairly attributed to the state." Lansing v. City of Memphis, 202 F.3d 821, 828 (6th Cir. 2000). The complaint before this court fails to even marginally allege that the defendant's actions may be "fairly attributable to the state." Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937(1982). Thus, Mr. Turner's section 1983 claims must be dismissed.

Based on the foregoing, Mr. Turner's § 1983 claim is dismissed pursuant to 1915(e), and the court certifies that an appeal from this dismissal could not be taken in good faith.[3] **All of his remaining claims based on violations of Title VII and the Equal Pay Act shall proceed.** The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process and shall include a copy of this order in the documents to be served upon defendant Grande Pointe Nursing Home.

IT IS SO ORDERED.

/S/*SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

July 25, 2005

---

[3] 28 U.S.C. § 1915(a) (3) provides: "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."

4